### 2925. SEABOARD AIR-LINE RAILWAY *v.* JENNINGS.

RUSSELL, J. The plaintiff was driving at night along a way (not a legally established highway, but a road commonly used by the public) close to the tracks of the railroad company and parallel with them, within the corporate limits of a town. At a point just above a cut, his horse, becoming frightened at the headlight of an approaching engine, jumped over the wall of the cut, carrying the plaintiff and the buggy along. The plaintiff rapidly unhitched the horse from the buggy, but, seeing that he would be unable to get it out of the cut before the train would reach him if it continued at its ordinary speed, he (while the train was about 250 yards away) began waving his handkerchief to attract the engineer's attention. The train, without slacking, struck the buttocks of the horse, which was between the track and the wall of the cut on one side of the engine, and also the buggy, which was between the track and the wall on the other side, injuring both. The injury occurred between two public crossings and within 400 yards of one of them. The speed of the train was variously estimated, some stating that it was going very slowly, others that it was running very fast. There was evidence that the usual signals for the station and the crossings were not given. As to many of the physical features the evidence was in conflict. *Held:* (1) The evidence supports the verdict in favor of the plaintiff. (2) The jury were authorized to find that the engineer should, under all the surrounding conditions, and especially in view of the locality in which the injury occurred, have maintained a lookout, and that he neglected to do so; or that the engineer, being on the lookout and seeing the danger to the plaintiff's property, did not use ordinary care to avoid injuring it. (3) There was no error in allowing the plaintiff to prove the distance from the place of the injury to the public crossing. (4) The court did not err in instructing the jury as to the statutory duty imposed upon the engineer in approaching the crossing, and in charging them that while liability could not be established because of any neglect in this respect, still it was a relevant circumstance to be considered, in passing upon the other acts of negligence charged against the defendant.          *Judgment affirmed.*

DECIDED SEPTEMBER 28, 1911.

Action for damages; from city court of Americus—Judge Crisp. July 21, 1910.

*E. A. Hawkins,* for plaintiff in error.

*J. A. Hixon,* contra.